UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANGELA DOZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-2246 (UNA) |
| | ) | |
| BET HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(E)(1)(B). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff claims to be Beyoncé[] Knowles and "the wife of Dwayne Michael Carter[,] Jr.[,] aka Lil Wayne® who is aka Shawn Carter aka Jay Z.®" Compl. at 2. She alleges that

1

defendants have "conspired to erase [her] memory, steal and conceal [her] identity while invading [her] privacy using hidden surveillance equipment" for the purpose of "record[ing] her real life[] for radio and television shows[,] commercials, movies and music videos." *Id.* In addition, she alleges that defendants have used her image "to conjure up new music styles and artists" and to steal her "creative thoughts, lyrics, dances and dress designs." *Id.* For these and other acts, plaintiff demands injunctive relief and damages of $1,000,000,000,000. *Id.* at 3-4.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, it appears that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date:  2/10/05

2